# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA,
## SOUTHERN DIVISION

| | |
|---|---|
| **NEIL W. WILLIAMS,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO.: 20-215** |
| ) | |
| **OUTOKUMPU STAINLESS USA, LLC,** ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** Neil W. Williams (hereinafter "Plaintiff"), by and through his undersigned attorneys, and for his Complaint against Outokumpu Stainless USA, LLC, (hereinafter "Defendant"), shows as follows:

**I.  PRELIMINARY STATEMENT**

1. This action seeks declaratory, injunctive and equitable relief; compensatory damages including but not limited to back pay, front pay and emotional distress, liquidated damages, and punitive damages; and costs, interest, and attorney fees to redress the deprivation of rights secured to Plaintiff by the Americans with Disabilities Act, Title 42 U.S.C. § 12101 *et seq.*, (hereinafter "ADA") and by the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601, et seq. Plaintiff was unlawfully terminated due to his disability/impairment, his perceived disability and/or his record of a disability. Defendant further interfered with the Plaintiff's federally protected rights under the FMLA and/or discriminated against him for asserting his rights under the FMLA and/or retaliated against him for asserting those rights by terminating his employment.

**II.     JURISDICTION AND VENUE**

2. This Court has jurisdiction in accordance with 28 U.S.C. §1331, 29 U.S.C. §2617, 28 U.S.C. § 2201 and 2202, 29 U.S.C. § 794a, and 42 U.S.C. § 12133.

3. The unlawful employment practices alleged herein below were committed by Defendant within Washington County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391and 42 U.S.C. § 2000e-5(g).

4. Plaintiff has fulfilled all conditions precedent to the institution of this action including those statutory requirements under the ADA. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of occurrence of the last discriminatory act. Plaintiff also timely filed this Complaint within ninety (90) days of receipt of a Notice of Right To Sue issued by the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit A.

**III.    PARTIES**

5. Plaintiff is a male citizen of the United States and a resident of the State of Alabama.

6. At times relevant to his claims, Plaintiff was an eligible employee under the FMLA in that he worked for the Defendant for more than twelve (12) months, had worked more than 1250 hours of service within the preceding twelve (12) months and had worked at a location where at least 50 employees were employed.

7. Plaintiff is also a qualified individual under the Americans with Disabilities Act in that he has physical/mental impairments which substantially limit one or more of his major life activities, and/or is perceived as having a disability, and/or has a history of having such disabilities. 42 U.S.C. § 12102, 42 U.S.C. § 12131, 29 U.S.C. § 706.

8. Defendant, Outokumpu, is a corporation doing business in Washingotn County, Alabama, where it employs 50 or more employees. Defendant employed 50 or more employees for each working day during each of the 20 or more calendar work weeks in the applicable calendar year.

9. Defendant is an employer pursuant to 42 U.S.C. § 12111(5); an employer within the meaning of 42 U.S.C. § 2000e(a) and (b); and is a covered employer pursuant to 29 U.S.C. §2611(4). At all times relevant to this action Defendant has employed at least fifteen (15) or more employees.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff began working for Defendant at its Calvert, Alabama work site on June 5, 2017 as a Maintenance Mechanic.

11. Plaintiff suffers from a medical condition known as Antiphospholipid Syndrome. Among other problems, this condition causes its victims to suffer blood clots.

12. On or about May 15, 2018, Plaintiff suffered a blood clot as a result of his condition and was hospitalized until he was discharged on May 16, 2018. Plaintiff informed Defendant and took 2 vacation days to cover the days he missed work. Defendant was aware of Plaintiff's blood condition prior to this hospitalization.

13. After being discharged from the hospital Plaintiff was off from work until May 21, 2018 when Defendant required him to return to work due to an "outage." While at work Plaintiff showed his supervisor the condition of his leg and Plaintiff was sent home from work. Plaintiff thereafter returned to work but was hospitalized again from May 25th through May 30th of 2018. After he got out of the hospital and returned to work, Plaintiff was instructed to go to the company doctors at the Occupational Health Center due to his blood condition. The doctor released him to return to work.

14. On September 4, 2018 Plaintiff was scheduled to work but his blood was "out of wack" and he contacted his supervisor and informed him of his condition and went to his doctor. Thereafter, Plaintiff provided Defendant with an excuse from his doctor for his absence on September 4, 2018 but Defendant still counted it against Plaintiff in its attendance point system.

15. Plaintiff contacted one of Defendant's managers and discussed this problem and he told Plaintiff he needed to get FMLA paperwork. This was the first time anyone from Defendant mentioned the FMLA to Plaintiff. Plaintiff then contacted an employee in Defendant's Human Resource Department and asked for the FMLA forms. Plaintiff obtained the forms and had them completed by his doctor and faxed them to HR the morning of October 4, 2018. Plaintiff was then terminated by Defendant at 4:30 p.m. that same day.

16. At all time relevant hereto, Defendant was aware of Plaintiff's medical condition and his need for intermittent leave for medical treatment. In spite of this knowledge Defendant failed to timely inform Plaintiff of his rights under the ADA and/or FMLA as required by law.

17. Despite his medical condition, Plaintiff was fully able to perform his job duties with reasonable accommodations and/or medical leave.

18. Plaintiff was discriminated against on the basis of his disability and/or perceived disability and/or record of a disability by being denied reasonable accommodations and by being terminated.

19. Defendant interfered with Plaintiff's ability to assert his rights under the FMLA by failing to timely provide him with information about his FMLA rights, failing to process his FMLA paperwork, and by terminating his employment.

20. Plaintiff was also unlawfully discriminated against in retaliation for his attempt to

assert his federally protected rights under the FMLA as Defendant terminated his employment.

21. Defendant acted intentionally, maliciously, and/or with reckless indifference to Plaintiff's federally protected rights.

22. As the result of Defendant's conduct, Plaintiff was deprived of his employment, his income and other employment benefits due to him. He also suffered embarrassment, humiliation, inconvenience, and emotional distress.

23. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

24. Plaintiff is suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**V.     CAUSES OF ACTION**

**COUNT I – DISCRIMINATION IN VIOLATION
OF THE AMERICANS WITH DISABILITIES ACT**

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 24 above with the same force and effect as if fully set out in specific detail herein below.

26. Plaintiff is a qualified individual under the ADA because of his known disability and/or perceived disability and/or history of a being a person with a disability.

27. Plaintiff is a person with a disability, has a history of disability and/or is perceived as disabled pursuant to 42 U.S.C. § 12102, and 29 U.S.C. § 706.

28. Despite Plaintiff's disability, with or without reasonable accommodations, the Plaintiff was able to perform the essential functions of his job.

5

29. Plaintiff was subjected to unlawful discrimination by Defendant based on his disability and/or perceived and/or record of a disability including, but not limited to, being denied reasonable accommodations and by being terminated.

30. At the time of this unlawful activity Defendant had knowledge that the Plaintiff suffered from an actual or perceived disability and/or had a record of a disability.

31. Defendant, by its discriminatory treatment of Plaintiff, has intentionally, willfully, with deliberate indifference and without justification deprived Plaintiff of his federally protected rights, as described herein. This deprivation violates Plaintiff's rights under the Americans with Disabilities Act.

32. Defendant intentionally, maliciously, and with reckless indifference to Plaintiff's federally protected rights discriminated against Plaintiff based upon his disability and/or perceived disability and/or record of a disability in the terms, conditions, benefits of his employment including, but not limited to, denying him reasonable accommodations and by terminating his employment.

33. Plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, lost benefits, an injunction and a declaratory judgment. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II –INTERFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 above with the same force and effect as if fully set out in specific detail herein below.

35. As set forth herein, Plaintiff was an eligible employee under the FMLA in that he

worked for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed.

36. As a result of his serious medical condition, as set out above, Plaintiff made known to Defendant his need to take intermittent medical leave at the instruction of his treating doctor to obtain treatment of his serious medical condition.

37. Defendant was placed on notice by Plaintiff that his need for leave may be for an FMLA-qualifying reason.

38. Defendant failed to timely notify Plaintiff of his eligibility to take FMLA leave as required under 29 CFR §825.300.

39. Defendant failed to timely provide Plaintiff with necessary FMLA paperwork and/or leave forms, and once said forms were completed and returned to Defendant, failed to process those forms.

40. Defendant terminated Plaintiff's employment, also denying or otherwise interfering with Plaintiff's substantial rights under the FMLA to take FMLA leave to which he was entitled under the Act.

41. Defendant intentionally, maliciously, and/or with reckless indifference interfered with Plaintiff's rights under the FMLA.

42. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

43. Defendant's unlawful actions against Plaintiff, as set out above, were not made in good faith, nor did Defendant have any reasonable grounds for believing that such acts were not a violation of Plaintiff's federally protected rights.

44. Plaintiff seeks to redress the wrongs alleged herein under the FMLA for lost wages (plus interest), lost benefits (plus interest), liquidated damages, an injunction and a declaratory judgment.

## COUNT III –DISCRIMINATION/ RETALIATION
## IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT OF 1993

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 44 above with the same force and effect as if fully set out in specific detail herein below.

46. As set forth herein, Plaintiff was an eligible employee under the FMLA in that he worked for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed.

47. As a result of his serious medical conditions, as set out above, Plaintiff made known to Defendant his need to take intermittent medical leave at the instruction of his treating doctor to obtain treatment of his serious medical condition.

48. As set out in detail above, Defendant retaliated against Plaintiff for attempting to assert his federally protected rights under the FMLA by terminating his employment.

49. Defendant intentionally, maliciously, and/or with reckless indifference discriminated/retaliated against Plaintiff in the terms, conditions, and benefits of his employment because of his attempt to pursue his rights under the FMLA.

50. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

51. Defendant's unlawful actions against Plaintiff, as set out above, were not made in good faith, nor did Defendant have any reasonable grounds for believing that such acts were

not a violation of Plaintiff's federally protected rights.

52. Plaintiff seeks to redress the wrongs alleged herein under the FMLA for lost wages (plus interest), lost benefits (plus interest), liquidated damages, an injunction and a declaratory judgment.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violated the rights of Plaintiff, as secured by the Americans with Disabilities Act (ADA), and as secured by the Family and Medical Leave Act of 1993 (FMLA);

b. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate the ADA, and the FMLA;

c. Grant Plaintiff an order requiring Defendant to make him whole by awarding him reinstatement into the position he would have occupied in the absence of the unlawful interference/discrimination/retaliation by Defendant with the same seniority, leave and other benefits of the position (or front pay in lieu thereof), back pay (with interest), and by awarding compensatory, punitive, liquidated, and/or nominal damages, attorney's fees, costs, and expenses;

d. Grant Plaintiff reinstatement and a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant, and at Defendant's request, from continuing to violate Plaintiff's rights as well as those of others who are

similarly-situated pursuant to the ADA and the FMLA.

  e. Grant Plaintiff a preliminary and permanent injunction pursuant to 29 U.S.C. §2617(1)(B) directing Defendant to reinstate all of plaintiff's employment benefits, including but not limited to his health insurance and retirement benefits, retroactive to the date of their cessation;

  f. Grant Plaintiff a declaratory judgment against Defendant that his termination violated the FMLA and ADA;

  g. Enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff sustained as a direct result of Defendant's termination of Plaintiff in violation of the FMLA;

  h. Grant Plaintiff compensatory, punitive and/or nominal damages, liquidated damages and interest;

  i. Grant Plaintiff his attorney's fees and costs; and

  j. Grant Plaintiff such other relief as justice requires.

        Respectfully submitted,

        /s/ Richard W. Fuquay
        RICHARD W. FUQUAY (FUQUR6214)
        Attorney for Plaintiff
        FUQUAY LAW FIRM
        1206 Dauphin Street
        Mobile, Alabama 36604
        Telephone: (251) 473-4443
        Facsimile: (251) 432-8885
        E-mail: rwf@fuquaylawfirm.com

**PLAINTIFF DEMANDS TRIAL BY JURY.**

        /s/ Richard W. Fuquay
        RICHARD W. FUQUAY

**Defendant's Address:**
Outokumpu Stainless USA, LLC
c/o Registered Agent
CORPORATION SERVICE COMPANY INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104